IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JACK RUSSELL HUGHES, SR.,<br><br>     Petitioner<br><br> VS.<br><br>CLAY TATUM, Warden,<br><br>     Respondent | NO. 3:09-CV-128 (CDL)<br><br>PROCEEDING UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

On November 6, 2009, petitioner Jack Russell Hughes, Sr. executed a petition seeking federal habeas corpus relief. Tab #1. After being served with this action, respondent Clay Tatum filed a response (Tab #8) and a motion seeking dismissal of the petition contending that it is untimely filed under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. §2244(d) (Tab #9). Petitioner Hughes was then ordered to respond to the motion seeking dismissal on or before Friday, March 19, 2010. Tab #10. To date, no such response has been filed. The motion is now ripe for review.

### LEGAL STANDARDS

The relevant provisions of the AEDPA, 28 U.S.C. §2244(d) provide as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of —*

 *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

 *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*

 *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*

 *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

## FACTUAL AND PROCEDURAL HISTORY

In June of 1998, in Walton County, Georgia, petitioner Hughes was convicted by a jury for the offenses of child molestation and aggravated child molestation. Pursuant to an order entered on July 2, 1998, he was sentenced to (30) years incarceration, fifteen (15) to serve and the balance probated, for the offense of aggravated child molestation, and twenty (20) years probated for the offense of child molestation. Petitioner Hughes directly appealed his convictions and sentences. They were, however, affirmed on September 10, 1999. *Hughes v. State*, No. A99A1441 (Ga. App. Sep. 10, 1999) (unreported).

On February 20, 2006, the petitioner filed a **state** habeas corpus petition in the Superior Court of Hancock County, Georgia. On April 14, 2008, following an evidentiary hearing, his **state** habeas petition was denied. A subsequently filed application for a certificate of probable cause to appeal the denial of **state** habeas corpus relief was denied by the Georgia Supreme Court on November 17, 2008. On November 6, 2009, petitioner Hughes executed the instant **federal** petition.

## DISCUSSION

Upon review of the positions of the petitioner and respondent herein, the undersigned finds the respondent's argument that the instant petition is untimely to be persuasive. In support of this conclusion, the undersigned makes the following observations: (1) petitioner Hughes's convictions became final on or about September 20, 1999, the date on which the ten (10) day period for filing a notice of his intent to seek further appellate review expired. *Pugh v. Smith*, 465 F.3d 1295 (11th Cir. 2006); (2) petitioner Hughes waited until February 20, 2006 to file a **state** habeas corpus petition; (3) following the November 17, 2008 denial of his application for a certificate of probable

cause to appeal the denial of his **state** habeas corpus petition, petitioner Hughes waited until November 6, 2009 to execute and submit the instant **federal** petition;  and, (4) the amount of un-tolled time that elapsed between the petitioner's convictions becoming final and the submission of this **federal** habeas corpus petition totals three-thousand-seven-hundred (3700) days or ten (10) years, one (1) month, seventeen (17) days.[1]

In view of the above, it is clear that petitioner Hughes far exceeded the applicable one-year period of limitations. Accordingly, the respondent's motion seeking dismissal should be **GRANTED** and the instant petition for habeas corpus **DISMISSED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

**SO RECOMMENDED**, this 12th day of April, 2010



                                                                CLAUDE W. HICKS, JR.
                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] Note that the applicable one-year period of limitations expired prior to the time the petitioner filed his **state** habeas corpus action; thus, no tolling of the limitations period occurred during the pendency thereof.